IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG WASSON,

        Plaintiff,        Civil No. 04-6241-TC

        v.        ORDER

BILL BRADBURY,

        Defendant.

COFFIN, Magistrate Judge.

By Order (#23) entered December 22, 2004, defendant's Motion to Stay this proceeding pending the resolution of Wasson v. State of Oregon, et al., Oregon U.S.D.C. Civ. No. 03-6226-TC ("Wasson I") was allowed on the ground the court's ruling on the issues in Wasson I was potentially dispositive of plaintiff's claim herein.

By Order (#61) entered March 28, 2005, and Judgment (#68) entered March 29, 2005, Wasson I was dismissed. That case is

1 - ORDER

currently on appeal. By this order, the stay of this proceeding ("Wasson II") is lifted and the court shall address the merits of plaintiff's claim.

Plaintiff's characterizes the right he is alleging in this case as follows: "Plaintiff alleges that the First Amendment and the Republican Guarantee Clause require that he be allowed to place his proposed initiative on the first jurisdiction-wide election held four (4) months after sufficient signature are submitted. Oregon Law requires that all initiatives be considered during *general* elections, which plaintiff alleges are any and all jurisdiction-wide elections, including the so-called primary and any elections scheduled at a special time, where all can participate, *generally*." Plaintiff's Supplemental Memorandum, p. 1.

Although this claim is slightly different than plaintiff's Claim Three in Wasson I[1], the court's analysis and conclusion in that case applies to plaintiff's claim herein.

First Amendment: Oregon's Constitution requires that "[a]ll

---

[1]Plaintiff describes the different claims as follows: In Wasson I, plaintiff's Claim Three was "that the Secretary is wrong in refusing to certify a proposed initiative seeking access to the election commonly known as the "primary." In Wasson II, plaintiff's single claim is that "the Secretary is wrong in refusing to certify for circulation a proposed initiative demanding access to the first jurisdiction-wide election held four (4) months after sufficient signatures are gathered." See Plaintiff's Supporting Motion to Consolidate; Opposing Motion to Stay" (#18).Plaintiff contends that these are "similar, but **not** duplicative" claims. Id.

2 - ORDER

elections on initiative and referendum measures shall be held at the regular general elections, unless otherwise ordered by the Legislative Assembly." Or. Const. Art. IV, § 1(4)(c). The Oregon Constitution also states that "[i]nitiative and referendum measures shall be submitted to the people as provided in this section and by law not inconsistent therewith." Or. Const. Art. IV, § 1(4)(b). In Oregon, general elections "shall be held on the first Tuesday after the first Monday in November of each even-numbered year. ORS 254.056(1). Under ORS 254.065(2) "[t]he primary election shall be held on the third Tuesday in May of each even-numbered year." See also, Van v. Travel Informaiton Council, 52 Or. App. 399 (1981) ("in Oregon, while primary elections are held in May, the general election is held the following November, almost six months later.").

Under these constitutional and statutory provisions all proposed initiatives must be voted on during the "regular general elections" held on the first Tuesday after the first Monday in November, not during May primary elections.

Oregon's constitutional requirement that all elections on initiatives and referendums be held at the regular general election is content neutral. The Supreme Court and the Ninth Circuit use a balancing test in deciding the constitutionality of content-neutral regulation of the voting process. Storer

3 - ORDER

v. Brown, 415 U.S. 724 (1974); see also, Burdick v. Takushi, 504 U.S. 428 (1992). Stone v. Prescott, 173 F.3d 1172 (9th Cir. 1999), *cert denied* 528 U.S. 870 (1999).[2]

This balancing test requires the court to consider the nature and importance of the asserted First Amendment right. Next, the court must identify and evaluate the state's regulatory interests as a justification of the rule. The court must determine the legitimacy and strength of each of these interests and consider the extent to which these interests require a burdening of the plaintiff's rights. See, *e.g.*, Anderson v. Celebresse, 460 U.S. 780, 789 (1983); Campbell v. Buckley, 203 F.3d 738 (10th Cir. 2000), *cert denied* 531 U.S. (2000) (holding that Colorado's constitutional single-subject rule does not violate the First Amendment).

Plaintiff's freedom of speech is not significantly burdened by Oregon's constitutional requirement that initiatives be voted on at general elections unless otherwise ordered by the legislature. This requirement does not prevent plaintiff from discussing the issues addressed by his proposed initiative or otherwise prevent him from participating in the initiative process. The requirement simply establishes a

---

[2]Only when a state's voting rules involve "core political speech" and a "limitation on political expression" does a court strictly scrutinize the rules. Meyer v. Grant, 486 U.S. 414 (1998).

procedural regulation. I find that plaintiff's First Amendment rights are not infringed by the requirement that initiatives be voted on at the "general election."

The state's interest in ensuring compliance with its own constitutional election requirements is significant. See, Buckley v. ACLF, 525 U.S. 182, 191 (1999) ("States allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to the election process."); Storer v. Brown, 415 U.S 724, 730 (1974) ("[a]s a practical matter, there must be substantial regulation of elections if they are to be fair and honest and if some sort of order rather than chaos, is to accompany the democratic processes."); Anderson v. Celebresse, 460 U.S. 780, 788 n. 9 (1983) ("We have upheld generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself.").

In balancing the state's interest in ensuring compliance with its constitutional election requirements against the minimal, if any, burden on plaintiff's First Amendment rights, I find that the balance tips sharply in favor of the state. Thus, plaintiff does not have a protected First Amendment interest in the right to have his initiative petition voted on at a time that does not comply with Oregon law.

Plaintiff's reliance on Meyers v. Grant, 486 U.S. 414

(1988) is misplaced. Even if plaintiff had a First Amendment interest at stake in this case, the Secretary's refusal to certify plaintiff's petition is not a severe burden on his right because the restriction itself is so clearly limited. Plaintiff is free to propose an initiative in compliance with the procedures established by Oregon law as interpreted by the Oregon courts.

As in <u>Wasson I</u>, plaintiff's claim in this case presents a question of state constitutional interpretation that is reserved for state courts. <u>see</u>, <u>Minnesota v. National Tea Company</u>, 309 U.S. 551, 557 (1940; <u>Bush v. Palm Beach County Canvassing Bd.</u>, 531 U.S. 70 (2000). Even if Oregon Courts have "misinterpreted" the Oregon election laws at issue here, a state court's interpretation of its own constitutional law does not present a question of federal constitutional law appropriate for review by this court. This court has no authority to overturn the Oregon Supreme Court's interpretation of the Oregon Constitution. <u>Hewitt v. Joyner</u>, 940 F.2d 1561, 1565 (9th Cir. 1991), *cert denied* 501 U.S. 1073 (1992) [a federal court's interpretation of state law is bound by the decision of the highest court of that state]; <u>see also</u>, <u>Skaug v. Sheehy</u>, 157 F.2d 714, 715 (9th Cir. 1946 [citing <u>Herbert v. State of Lousiana</u>, 272 U.S. 321 (1926).

<u>Republican Form of Government:</u>   Plaintiff also alleges that

the constitutional guarantee of a "Republican form of government" [Article IV, Section 4 of the United States Constitution] as a basis for his claim.

However, the Supreme Court has consistently held that a claim under the Republican Form of Government Clause presents a non-justiciable political question. See, Luther v. Borden, 48 U.S. 1 (7 How.) 1, 38-39 (1849); Baker v. Carr, 396 U.S. 186, 217 (1962). The Court's rationale is that Article IV, Section 4 does not contain sufficient standards for a court to utilize in invalidating state action. Baker, 396 U.S. at 223. Therefore, challenges under the Republican Form of Government clause are properly dismissed. Barber v. Hawaii, 42 F.3d 1185, 1199 (9th Cir. 1994).

Moreover, to violate the Guaranty Clause, a state must pose some "realistic risk of altering the form or method of functioning of government." New York v. United States, 505 U.S. 144, 185 (1992). Assuming *arguendo* that plaintiff's claim in this case presents a justiciable issue, plaintiff has failed to establish how the Oregon law requiring him to present a proposed initiative to voters in November rather than May would pose a realistic risk of "altering the form or method of functioning of government."

Pendent State Claims: Although not specifically alleged in plaintiff's Amended Complaint, plaintiff may be asserting

7 - ORDER

pendent state law claims in this action. If plaintiff is asserting claims under the Oregon Constitution or laws of the State of Oregon, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

There are no extraordinary circumstances that would justify the retention of plaintiff's supplemental claims (if any), and the factors of economy, convenience, fairness and comity weigh in favor of the dismissal of any such claims. I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

Based on all of the foregoing, defendant's Motion to

Dismiss (#12) is allowed.  This case is dismissed.

    IT IS SO ORDERED

    DATED this 24 day of August, 2005.

                                          Thomas M. Coffin
                                          United States Magistrate Judge